IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MARC MATSUMOTO,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED NOODLES, INC.,<br><br>    Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

    Plaintiff Marc Matsumoto ("Plaintiff") sues defendant United Noodles, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

    1.    Plaintiff is an individual who is a citizen of the State of California residing in the State of California.

    2.    Defendant is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 2015 East 24th St., Minneapolis, MN 55404.

## JURISDICTION AND VENUE

    3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

    4.    This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Minnesota such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent reside or may be found in this district. "In construing that section, courts have generally held that a defendant may be 'found' in any district in which personal jurisdiction may be obtained over the defendant." Infogroup Inc. v. Office Depot, No. 8:20CV109, 2020 U.S. Dist. LEXIS 212227, at *16 (D. Neb. Nov. 13, 2020). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991). See also Quality Improvement Consultants v. Williams, No. 02-3994(JEL/JGL, 2003 U.S.Dist. LEXIS 2705, at *21 – 23 (D. Minn. February 24, 2003).

**FACTS**

**I.     Plaintiff's Business**

6. Plaintiff is an accomplished professional photographer who specializes in food photography.

7. Plaintiff's photos have been featured in books, magazines, and product packaging.

8. Since starting his food blog in 2007, Plaintiff has focused on food styling and photography, working with national brands such as Bella Tavola, Luxe Gourmets, Peanut Butter and Co., and Better than Bouillon.

9. Plaintiff has given food photography and styling seminars at conferences such as TechMunch and Federated Media's Foodbuzz Festival.

**II.    The Work at Issue in this Lawsuit**

10. In May 2019, Plaintiff created a professional photograph titled "yakisoba-011" (the "Work"). A copy of the photograph is exhibited below:

2



11. The Work was registered by Plaintiff with the Register of Copyrights on July 18, 2019 and was assigned Registration No. VA 2-162-347. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

12. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III. Defendants' Unlawful Activities

13. Defendant is a specialty Asian grocery store with two locations in Minnesota.

14. Defendant advertises and markets its business primarily through its website (https://www.unitednoodles.com/), social media (e.g., https://www.facebook.com/unitednoodles, https://www.instagram.com/unitednoodles/, https://twitter.com/unitednoodles), and other forms of advertising.

15. In April 2022 (after Plaintiff's above-referenced copyright registration of the

Work), Defendant published the Work on its website (at

www.unitednoodles.com/product/yakisoba-焼きそば/):



16. A true and correct copy of screenshot of Defendant's website, displaying the copyrighted Work, is attached hereto as **"Exhibit "B."**

17. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, social media or for any other purpose.

18. Defendant utilized the Work for commercial use – namely, for the marketing of Defendant's business.

19. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

20. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on May 29,

2022.

21. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

22. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 as set forth above.

24. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

25. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

26. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

27. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

28. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

29. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright © 2022 | All Rights Reserved"),

indicating that Defendant understands the importance of copyright protection/ intellectual property rights and is in actuality representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

30. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

31. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

32. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

33. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

34. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated:  June 15, 2023.                     **BRIOL & BENSON, PLLC**

By:   /s/Scott A. Benson
Scott A. Benson (#0198419)
Darren B. Schwiebert (#0260642)
3700 IDS Center
80 South Eighth Street

Minneapolis, MN 55402
Tel.: 612-756-7777
Email: scott@briollaw.com

*Attorneys for Plaintiff*